WILLIAM DECKER *v.* SAMUEL W. FISHER AND H. M. NICHOLS, DANIEL WHIPPLE AND ELI SMITH, TRUSTEES.

*Trustees entitled to costs when discharged, and plaintiff liable for the same.*

The Comp. Statutes 264 § 64, provides, " that if any person be discharged as trustee for any cause, he shall recover judgment against the plaintiff for his costs, and have execution therefor." Under this provision, the trustee's claim for costs is a matter of absolute right, of which they cannot be deprived, except by their own consent, and courts have no discretionary power in the matter.

TRUSTEE PROCESS. The action against the principal debtor, was *assumpsit,* for money had and received.

The trustees appeared and made their several disclosures in writing, disclosing that they were indebted to the principal debtor, and each also further disclosing, that upon the same day of the service of the process upon them in this case, but previous thereto, a trustee writ was served upon them in favor of one, William T. Burnham, and against the said principal debtor, Fisher, and that they each had filed their disclosure in said suit, concerning this same indebtedness. The said trustees were adjudged liable, according to their disclosures.

In the County Court, June Term, 1852,—POLAND J., presiding,—trials were had in both suits, and verdict for plaintiffs in both cases. The said Burnham obtained a verdict for $437, and defendant, Fisher, reviewed. The plaintiff, Decker, in the present case, obtained a verdict for $138 38, which amount, the defendant, Fisher, paid, and also paid $24 35 costs; but in said costs, there was nothing included for the costs of the trustees, and the suit was entered discontinued.

The said trustees thereupon claimed to be allowed their costs severally against the plaintiff, Decker, but the court decided, that as the plaintiff succeeded in his suit, both against the principal debtor and trustees, he was not liable to pay them costs, and ordered the trustees to be discharged without costs against the plaintiff.

To which decision the trustees excepted.

*A. J. Willard,* for the defendant, cited Comp. Stat. 264 § 64, and *Bullard* v. *Hicks,* 17 Vt. 198.

*Peck & Colby* for Trustees.

1. The trustees can only look to the plaintiff for their costs, if discharged by the court. Execution could issue against the plaintiff only, and in no case against the defendant or debtor.

2. It is not true, that the costs of trustees if left disallowed, may be offset by them to the debt due from them to the defendant, as this judgment would be a bar.

3. The exceptions are as well taken to the decision denying costs, as to any other decision in the case. It is part of the judgment, and the only judgment in which the trustees have any interest.

4. The plaintiff's construction of the law, leaves the trustees subject to the will, or collusion of the principal parties.

5. But the statute *directs* that the trustee have judgment for costs ; and there is no real distinction between this case and the case *Bullard* v. *Hicks*, 17 Vt. 198.

*Bartlett & Roberts* and *S. W. Slade* for plaintiff.

By the trustee process, the creditor obtains a lien upon the debtor's property, as in other cases of attachment ; and in either case the statute contemplates that the costs shall be borne by the debtor, and come out of the avails of the property attached, &c. Comp. Stat. chap. 30 § 27, and chap. 45 § 7, and chap. 32 § 60, 71. *Dean* v. *Bailey*, 12 Vt. 142.

We think there can be no doubt, but that the trustees can retain the amount of their taxable costs in this suit, and offset it against their indebtedness to the principal debtor. Comp. Stat. chap. 32 §§ 33, 60.

The counsel also cited, in argument, in relation to the exceptions being a proceeding in error, and to be determined by inspection of the record of the case on trial, &c. *May* v. *Wakefield*, 5 Vt. 546. *Thompson* v. *Arms*, 7 Vt. 233. *Allen* v. *Thrall*, 10 Vt. 255. *Sargeant* v. *Butts*, 21 Vt. 99. *Blade et al.* v. *Tucker*, 12 Vt. 39.

The opinion of the court was delivered by

ISHAM J. The trustees, in this case severally acknowledged their indebtedness to the principal debtor, but state in their disclosures, that they had, previous to the service of the writ in this case, been summoned as trustees of the defendant, at the suit of William T. Burnham.

The claim of the plaintiff against the defendant, was settled and paid, soon after the judgment against him, and the suit was discontinued.

The trustees, by order of the court, were discharged without costs, for which exceptions were taken; and the question is, are they entitled to recover their costs of the plaintiff, when in the settlement of this suit, he did not receive it of the defendant? The Comp. Stat. 264 § 64, provides, "that if any person *be discharged as trustee for any cause*, he shall recover judgment against the plaintiff for his costs, and have execution therefor." Under this provision, their claim for costs is a matter of absolute right, of which they cannot be deprived, but by their consent. If they have effects in their hands, and final judgment is rendered against them, they may deduct the amount of their costs, and judgment is to be rendered only for the balance. Section 60. But if, for any cause, no final judgment is rendered against them, and they are discharged from the suit, they can make no such deduction of their costs, from the money, in their hands. The statute gives them their remedy, by judgment therefor, against the plaintiff.

It is equally evident, that they cannot retain that amount from the monies in their hands, and have it allowed in the suit of William T. Burnham, who first commenced his trustee process, by having a judgment rendered against them simply for the balance. For Burnham is entitled, on perfecting his judgment against the principal debtor, to all the funds in their hands, for the payment of his judgment, if required for that purpose, deducting therefrom only their costs of disclosure in that suit. If such construction of the act were allowed, the service of subsequent trustee process might be indefinitely pursued, until the funds in the hands of the trustee would be entirely swallowed up in costs, and the creditor, whose process was first commenced, be deprived of his security. The only remedy, therefore, the trustees have, is upon the plaintiff, at whose suit they have been summoned, and in which their disclosure was made and the costs accrued.

It was competent for the plaintiff to have refused the settlement of his case, without the payment, not only of his debt and costs, but also of the costs legally taxable to the several trustees; and to risk the chance of being able to recover the same, after the termination of the suit commenced by Burnham. But the settle-

ment of his case, and the discontinuance of the suit, operated as a discharge of the trustees, so that in no event could final judgment be rendered against them, and they thereby be entitled to retain the amount from the funds in their hands. As a consequence, they are entitled to look to the plaintiff for their costs, for they cannot be obtained in any other mode ; and of this right they cannot be deprived. It is a matter over which no court has the exercise of discretionary power.

The judgment of the County Court must be reversed, and judgment rendered for the trustees for their costs.